Rodriguez v Santos (2025 NY Slip Op 01069)

Rodriguez v Santos

2025 NY Slip Op 01069

Decided on February 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 25, 2025

Before: Kern, J.P., Friedman, Kapnick, Rodriguez, O'Neill Levy, JJ. 

Index No. 35485/20|Appeal No. 3762|Case No. 2024-01184|

[*1]John Paul Rodriguez, et al., Plaintiffs-Appellants,
v
Gilberto Santos and City Queens Inc., Defendants-Respondents.

Mitchell Dranow, Sea Cliff, for appellant.
Marjorie E. Bornes, Freeport, for respondent.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered on January 18, 2024, which granted defendants' motions for summary judgment dismissing the complaint on the grounds that plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d), unanimously affirmed, without costs.
Defendants established prima facie entitlement to summary judgment by showing that plaintiff John Paul Rodriguez did not sustain a serious injury to his cervical spine, and that plaintiff Angel Rodriguez did not sustain a serious injury to his cervical or lumbar spine or his left knee, by submitting the medical reports of an orthopedic surgeon, who found full range of motion, normal test results, and resolved strains in the allegedly injured body parts of both plaintiffs (see Hall v Uber Tech., Inc., 221 AD3d 503, 504 [1st Dept 2023]; Nadim v Gadi Inc., 190 AD3d 648, 648 [1st Dept 2021]).
In addition, defendants submitted reports of a radiology expert who concluded that the MRIs of John Paul's cervical spine showed no injuries at all, and some "drying out" at one level, which was degenerative in nature (see Pastora L. v Diallo, 167 AD3d 424, 424 [1st Dept 2018]). As for Angel, the radiology expert found mild bulging and desiccation in the cervical spine, degeneration and desiccation in the lumbar spine, and a tear of the medial meniscus in the left knee, all of which she opined was degenerative in origin and unrelated to the accident (see Auquilla v Singh, 162 AD3d 463, 463-464 [1st Dept 2018]). Defendants also relied on evidence that both plaintiffs ceased treatment within months after the accident and that Angel had a previous injury to his lumbar spine that led to surgery and disabled him from working (see Pommells v Perez, 4 NY3d 566, 574 [2005]).
In opposition, plaintiffs failed to submit medical evidence sufficient to raise an issue of fact. The unaffirmed MRI and chiropractic reports, which defendants' experts did not rely upon, were inadmissible and could not be bootstrapped into evidence through the affirmed reports of plaintiffs' physiatrist (see Acevedo v Grayline N.Y. Tours, Inc., 204 AD3d 597, 598 [1st Dept 2022]). Furthermore, as to John Paul, the physiatrist's bare assertion that his treatment was terminated years earlier because he "reached maximal medical improvement" is unsupported by any evidence and insufficient to explain his cessation of treatment (see Brown v City of New York, 29 AD3d 447, 448 [1st Dept 2006]). Angel similarly did not provide an explanation for his cessation of treatment months after the accident (see Nadim v Gadi Inc., 190 AD3d at 649), and the physiatrist's report failed to rule out his prior spinal injury as the cause of his current symptoms (see Rodriguez v 3rd Ave. Tr. Inc., 201 AD3d 417, 417-418 [1st Dept 2022]; Maraj v Fletcher, 180 AD3d 621, 621 [1st Dept 2020]).
We have considered plaintiffs' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER[*2] OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 25, 2025